# EXHIBIT A

Case 5:22-cv-03577-EJD  Document 182  Filed 07/09/22  Page 1 of 16

J.G.
6/7/12 9:23am

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** PETSMART, INC., and Does 1 through 100, inclusive,
*(AVISO AL DEMANDADO):*

FOR COURT USE ONLY
FILED
ALAMEDA COUNTY
MAY 23 2012
CLERK OF THE SUPERIOR COURT
By [signature], Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** DANETTE M. MOORE, LATRESA
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* MYERS, ALANNA
HARRISON and ALISA VALDEZ Individually and on behalf of others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Alameda
24405 Amador Street
Hayward, California 94544

CASE NUMBER: *(Número del Caso):* HG 12633131

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Marta Manus
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
GRAHAMHOLLIS, A.P.C.
3555 Fifth Avenue, San Diego, CA 92103
619-692-0800

DATE: MAY 23 2012  Pat S. Sweeten Clerk, by [signature] , Deputy
*(Fecha)*  *(Secretario)*  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): PETSMART, INC.
   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

```
1  GRAHAMHOLLIS APC
   GRAHAM S.P. HOLLIS (SBN 120577)
2  MARTA MANUS (SBN 260132)
   3555 Fifth Avenue
3  San Diego, California 92103
   Telephone: 619.692.0800
4  Facsimile: 619.692.0822

5  Attorneys for Plaintiffs
```

ENDORSED
FILED
ALAMEDA COUNTY

MAY 23 2012

CLERK OF THE SUPERIOR COURT
By Tasha Fairy, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ALAMEDA

DANETTE M. MOORE, LATRESA MYERS, ALANNA HARRISON and ALISA VALDEZ individually and on behalf of others similarly situated,

　　　　Plaintiffs,

v.

PETSMART, INC., and Does 1 through 100, inclusive,

　　　　Defendants.

Case No.: HG 12633131

CLASS ACTION [CAL. CODE CIV. PROC. § 382]; REPRESENTATIVE ACTION [LABOR CODE § 2698, et seq.]

(1) Failure to Provide Reasonable Accommodation Due to Disability (Cal. Gov't Code § 12940);
(2) Failure to Provide Reasonable Accommodation Due to Pregnancy (Cal. Gov't Code § 12945);
(3) Failure to Engage in Interactive Process (Cal. Gov't Code § 12940(n);
(4) Wrongful Termination in Violation of Public Policy;
(5) Failure to Pay Minimum Wages (Lab. Code § 1194 and IWC Wage Order 7-2001 § 4);
(6) Failure to Pay Agreed Upon Wages for All Hours Worked (Lab. Code § 223 and IWC Wage Order 7-2001 § 4);
(7) Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512 and IWC Wage Order 7-2001 § 11);
(8) Failure to Provide Rest Periods (Lab. Code §§ 226.7, 512 and IWC Wage Order 7-2001 § 12);
(9) Failure to Provide Rest Periods (Lab. Code §§ 226.7, 512 and IWC Wage Order 7-2001 § 12);
(10) Failure to Reimburse Business-Related Expenses and Provide Tools (Lab. Code § 2802 and IWC Wage Order 7-2001 § 9(B));
(11) Failure to Pay Wages Due Upon Termination (Lab. Code §§ 201, 202, 203);
(12) Failure to Provide Accurate Itemized Wage Statements (Lab. Code § 226);
(13) Violation of Business & Professions Code §§ 17200 et seq.
(14) PAGA Claim for Failure to Provide Suitable Seats (Lab. Code §§ 1198, 2698, et seq.) and IWC Wage Order 7-2001 § 14);
(15) PAGA Claim for Civil Penalties (Lab. Code § 2698, et seq.)

- DEMAND FOR JURY TRIAL -

1
COMPLAINT

Plaintiffs DANETTE M. MOORE, LATRESA MYERS, ALANNA HARRISON and ALISA VALDEZ (collectively "Plaintiffs"), individually and on behalf of themselves and all others similarly-situated and similarly aggrieved current and former employees allege as follows:

## I.

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1. Plaintiffs bring this action as a Class Action under California Code of Civil Procedure § 382 on behalf of themselves and other current and former similarly-situated employees of PetSmart, Inc. ("PetSmart") employed by PetSmart in California, and Does 1 through 100 (collectively "Defendants"). Plaintiffs also bring this action as a Representative Action on behalf of other current and former similarly aggrieved employees pursuant to the Private Attorneys General Act of 2004, California Labor Code § 2698, *et seq.* ("PAGA"). Plaintiffs bring this action for: (1) unpaid compensation for all hours worked, payment of minimum wages, reimbursement of reasonably incurred work-related expenses, compensation for meal and rest period violations, payment of wages due upon termination of employment, failure to provide suitable seats, statutory penalties, interest and attorneys' fees and costs, under California Labor Code §§ 201, 202, 203, 223, 226, 226.7, 512, 1194, 1197, 1198, 2698 *et seq.*, 2802, California Code of Civil Procedure § 1021.5, and California Industrial Welfare Commission (IWC) Wage Order No. 7-2001, 8 Cal. Code of Reg. § 11040; and (2) specific enforcement of penalties and restitution of all benefits PetSmart enjoyed from its failure to: pay minimum wages; pay for all hours worked; provide paid meal and rest periods; provide suitable seats; provide reasonable accommodation; and reimburse all reasonably incurred business-related expenses.

2. Plaintiff Danette Moore is a former employee of PetSmart. Moore was employed by PetSmart as a pet groomer from approximately November 2007 until April 2011 at the San Leandro, California location. Plaintiff Latresa Myers began her employment with PetSmart in approximately April 1998 as a pet groomer and was employed with PetSmart until approximately February 2011 when she went on disability. Plaintiff Alanna Harrison began her employment with PetSmart approximately three years ago and is currently employed by PetSmart as a pet groomer at the San Leandro, California location. Plaintiff Alisa Valdez began her employment with PetSmart in approximately October 2005 and is currently employed by PetSmart as a pet groomer at the San Leandro, California location.

3. Plaintiffs Moore, Myers and Valdez bring claims against PetSmart for failure to accommodate due to disability in individual capacities pursuant to the California Fair Employment and Housing Act, Government Code §12940, *et seq.*

4. Plaintiff Harrison brings a claim against PetSmart for failure to accommodate due to pregnancy in an individual capacity pursuant to California Fair Employment and Housing Act, Government Code §12945, *et seq.*

5. At all relevant times, PetSmart was an employer as defined by, and subject to, California Government Code §12940(j)(4)(A).

6. Defendants failed to provide Plaintiffs with reasonable accommodation after accommodation requests were made, in violation of the California Fair Employment and Housing Act, California Government Code §12900, *et seq.*

7. Plaintiffs have duly exhausted all administrative remedies with the Department of Fair Employment and Housing (DFEH) and have received the requisite "Right to Sue" notice. Plaintiff Moore filed her DFEH complaint against Defendants on July 26, 2011 and received the right-to-sue notice on August 9, 2011. Plaintiff Myers filed her DFEH complaint against Defendants on July 25, 2011 and received the right-to-sue notice on August 3, 2011. Plaintiff Valdez filed her DFEH complaint against Defendants on September 12, 2011 and received the right-to-sue notice on September 14, 2011. Plaintiff Harrison filed her DFEH complaint against Defendants on September 9, 2011 and received the right-to-sue notice on September 14, 2011. (Attached hereto as Exhibits A – D are Plaintiffs' Right-to-Sue notices from the DFEH.)

8. PetSmart is a Delaware Corporation doing business in the State of California and is a nationwide pet supply retailer and is the largest specialty retailer of pet services. PetSmart provides pet supplies and offers pet training, pet grooming, and pet adoption services.

9. At all relevant times, Defendants were Plaintiffs' employer or persons acting on behalf of Plaintiffs' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, is subject to penalties for each underpaid employee as set forth in Labor Code § 558.

10. Defendants have engaged in a systematic pattern of wage and hour abuse towards Plaintiffs and other current and former employees by denying them specific rights afforded to them under California law, including the California Labor Code and rules promulgated by the Industrial Welfare Commission (IWC) Wage Orders. For example, Defendants failed to compensate Plaintiffs for all hours worked; failed to reimburse Plaintiffs and other similarly aggrieved and similarly situated current and former employees for business-related expenses incurred for purchasing necessary tools; failed to provide suitable seats; failed to provide meal periods or pay compensation in lieu of; failed to provide paid rest breaks; and failed to pay minimum wages. By engaging in these and other acts, Defendants have not complied with California laws.

11. Plaintiffs bring this civil action seeking injunctive and monetary relief against Defendants, on behalf of themselves and all other similarly aggrieved and similarly situated current and former employees of Defendants in the State of California to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, penalties, costs and expenses pursuant to California Labor Code §§ 201, 202, 203, 204b, 218.5, 218.6, 223, 226, 226.3, 226.7, 512, 558, 1174, 1194, 1197, 2802, and 2698, *et seq*. Plaintiffs reserve the right to name additional class representatives throughout California.

## II.

### PARTIES, JURISDICTION, AND VENUE

12. Plaintiff Moore is and at all relevant times, was a resident of Hayward, California located in Alameda County and was employed by Petsmart at the San Leandro location in Alameda County, California. Plaintiff Myers is and at all relevant times, was a resident of San Leandro, California located in Alameda County and was employed by Petsmart at the San Leandro location in Alameda County, California. Plaintiff Harrison is and at all relevant times, was a resident of Oakland, California located in Alameda County and is employed by Petsmart at the San Leandro location in Alameda County, California. Plaintiff Valdez is and at all relevant times, was a resident of San Leandro, California located in Alameda County and is employed by Petsmart at the San Leandro location in Alameda County, California.

13. Defendants' conduct, as herein alleged occurred in the county of Alameda, California and in various counties throughout the State of California. Plaintiffs are informed and believe and thereon

1  allege that Defendants are, and at all relevant times, were authorized to do business and doing business in the State of California, and were employers as defined in and subject to the California Fair Employment and Housing Act, the California Labor Code, and Industrial Welfare Commission Wage Orders.

14. The true names and capacities of the Defendants named as Doe 1 through 100, inclusive, are presently unknown to Plaintiffs. Plaintiffs will amend this Complaint, setting forth the true names and capacities of these fictitious Defendants when they are ascertained. Plaintiffs are informed and believed and on that basis allege that each of the fictitious Defendants has participated in the acts alleged in this Complaint.

15. This Court has jurisdiction over Plaintiffs' and Class Members' claims for meal period violations under Labor Code § 218.

16. This Court has jurisdiction over Plaintiffs' and Class Members' claims for failure to furnish timely and accurate wage statements under Labor Code § 226.

17. This Court has jurisdiction over Plaintiffs' and Class Members' claims for injunctive, specific enforcement of penalties, and restitution of unpaid wages and other ill-gotten benefits arising from Defendant's unlawful and/or unfair business practices under Business & Professions Code §§ 17202 and 17203.

18. Venue as to each Defendant is proper in this Court, pursuant to Code of Civil Procedure § 395(a). Defendants maintain offices, transact business, and/or have an agent in Alameda County and Defendants are otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein arose in Alameda County and have a direct effect on Plaintiffs and those similarly aggrieved and similarly situated within the State of California and within Alameda County. Defendants employ Class Members in Alameda County and throughout the State of California.

## III.

## GENERAL ALLEGATIONS

19. California's Labor Code and Industrial Welfare Commission Wage Orders require employers, among other things, to pay each employee wages for all hours worked within the time prescribed by law, furnish each employee with accurate itemized wage statements, pay minimum wages

due and owing, and provide each employee with suitable seats when the nature of the work reasonably permits the use of seats.

20. California's Fair Employment and Housing Act, Cal. Govt. Code § 12940(m), makes it an unlawful employment practice for employers to, among other things, fail to make reasonable accommodation for the known physical disability of an employee.

21. California's Fair Employment and Housing Act, Cal. Govt. Code § 12945(b)(1), makes it an unlawful employment practice for employers to, among other things, refuse to provide reasonable accommodation for an employee for conditions related to pregnancy, if she so requests, with the advice of her health care provider.

22. Plaintiffs worked for Defendants classified as nonexempt employees at Petsmart's San Leandro, California store and were subjected to Defendants' employment practices during the course of their employment.

23. At various times during Plaintiffs' employment with Defendants, Plaintiffs requested reasonable accommodation for work-related disabilities and pregnancy. Defendants failed to provide reasonable accommodation for Plaintiffs as required by California's Fair Employment and Housing Act, Cal. Govt. Code §§ 12900 and 12945, *et seq.*

24. Labor Code § 1198 provides, in pertinent part, that "the maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees." The applicable IWC Wage Order § 14 provides, "All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats." Violations of the standards of labor conditions provided in the applicable IWC Wage Order are unlawful under Labor Code § 1198.

25. Although the nature of Plaintiffs' work reasonably permits the use of seats, Defendants failed to provide Plaintiffs and other similarly aggrieved and similarly situated current and former employees with suitable seats after Plaintiffs requested the use of suitable seats after request for the use of seats were made by Plaintiffs.

26. Labor Code § 2802 requires employers in part to, among other things, indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence

of the discharge of his or her duties. IWC Wage Order 7-2001 §9(B) provides in relevant part that "when tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

27. Defendants required Plaintiffs and other similarly aggrieved and similarly situated current and former employees to purchase and maintain pet grooming tools necessary to perform their job duties. Defendants failed to provide and maintain the tools and deducted wages from Plaintiffs for the cost of the pet grooming tools.

28. Defendants failed to properly pay Plaintiffs and other similarly aggrieved and similarly situated current and former employees for all hours worked including for time spent under the control of the employer performing non-productive work, taking rest periods, and/or gap time spent waiting for grooming customers, during which time Plaintiffs were prevented from earning their piece rate compensation.

29. Defendants failed to provide Plaintiffs and other similarly aggrieved and similarly-situated current and former employees with accurate itemized wage statements because Plaintiffs were not compensated by Defendants for all hours worked and for all compensation due. The wage statements furnished by Defendants to Plaintiffs failed to show the number of piece-rate units earned and the applicable rate even though Plaintiffs were paid on a piece-rate basis.

30. Defendants failed to provide Plaintiffs Moore and Myers and other similarly aggrieved and similarly situated former employees with all wages due and owing at the time of termination of employment because Plaintiff was not properly compensated by Defendants for all hours worked and for meal and rest period violations.

## IV.

### SATSIFACTION OF PROCEDURAL NOTICE REQUIREMENT OF THE PRIVATE ATTORNEYS GENERAL ACT OF 2004

31. On July 5, 2011, pursuant to Labor Code § 2698 *et seq.*, Plaintiffs Danette Moore and Latresa Myers served, via certified mail, the Labor & Workforce Development Agency (LWDA) and

PetSmart with their claims for wage/hour violations and penalties. On August 10, 2011, the LWDA provided notice to Plaintiffs Moore and Myers of its intent not to investigate the allegations. Plaintiffs Moore and Myers therefore satisfied the procedural notice requirement to pursue penalties against Defendants pursuant to Labor Code § 2698 *et seq.*

32. On August 30, 2011, pursuant to Labor Code § 2698 *et seq.*, Plaintiffs Alanna Harrison and Alisa Valdez served, via certified mail, the LWDA and PetSmart with their claims for wage/hour violations and penalties. On October 24, 2011, the LWDA provided notice to Plaintiffs Harrison and Valdez of its intent not to investigate the allegations and amended the LWDA claim number assigned to Plaintiffs Moore and Myers to include the claims of Plaintiffs Harrison and Valdez. Plaintiffs Harrison and Valdez therefore satisfied the procedural notice requirement to pursue penalties against Defendants pursuant to Labor Code § 2698 *et seq.*

33. Plaintiffs intend to seek penalties in a representative capacity on behalf of all similarly aggrieved employees of Defendants and on behalf of the State of California pursuant to the PAGA.

## V.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES OF THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING ACT

34. Plaintiffs have duly exhausted administrative remedies with the Department of Fair Employment and Housing (DFEH) and have received the requisite "right-to-sue" notices. Plaintiff Moore filed her DFEH complaint on July 26, 2011 and received the right-to-sue notice on August 9, 2011. Plaintiff Myers filed her DFEH complaint on July 25, 2011 and received the right-to-sue notice on August 3, 2011. Plaintiff Valdez filed her DFEH complaint on September 12, 2011 and received the right-to-sue notice on September 14, 2011. Plaintiff Harrison filed her DFEH complaint on September 9, 2011 and received the right-to-sue notice on September 14, 2011.

35. Pursuant to Cal. Govt. Code § 12965 subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the employer named in the DFEH complaint within one year from the date of the right-to-sue letter.

///
///

## VI.

## CLASS ACTION DESIGNATION

36. This action is appropriately suited for a Class Action because Plaintiffs bring this action, on behalf of themselves and all others similarly-situated, as a Class Action pursuant to Code of Civil Procedure § 382. The Groomer Class that Plaintiffs seek to represent is defined as follows:

> All current and former non-exempt employees of PetSmart, Inc. who performed work in California as a groomer from and after August 7, 2008 ("Groomer Class").

37. Further, Plaintiffs bring this action on behalf of themselves and all other similarly-situated persons in a Sub-Class of the Groomer Class, which is defined as:

> All current and former non-exempt employees of PetSmart, Inc. who performed work in California as a groomer and were required to purchase and maintain pet grooming equipment and supplies from and after December 6, 2008 ("Tool Class").

38. Further, Plaintiffs bring this action on behalf of themselves and all other similarly-situated persons on behalf of the following Meal Period Class:

> All current and former employees who PetSmart, Inc. classified as non-exempt and who performed work in California, who worked one or more work periods in excess of five consecutive hours without receiving a thirty minute meal period, from and after August 7, 2008 ("Meal Period Class").

39. Further, Plaintiffs bring this action on behalf of themselves and all other similarly-situated persons on behalf of the following Rest Period Class:

> All current and former employees who PetSmart, Inc. classified as non-exempt and who performed work in California, who worked one or more work periods in excess of three and a half consecutive hours without receiving a rest period, from and after August 7, 2008 ("Rest Period Class").

40. Plaintiffs reserve the right under Rule 3.765(b), California Rules of Court, to amend or modify the Class descriptions with greater specificity or further division into subclasses or limitation to particular issues.

41. Causes of action Five through Thirteen are appropriately suited for a class action pursuant to Section 382 of the California Code of Civil Procedure because:

a. <u>Numerosity</u>. The potential Classes as defined are significant in size because Plaintiffs are informed and believe and thereon allege that at all relevant times, Defendants employed numerous similarly-situated current and former employees, who were affected by the unlawful employment practices alleged herein. Based on size of the potential classes, joinder of all employees individually would be impractical.

b. <u>Commonality</u>. This action involves common questions of law and fact to the potential classes because the action focuses on Defendants' systematic course of illegal conduct with respect to violating the California Labor Code and IWC Wage Orders and implementing company-wide policies uniformly applied to all members within each of the classes.

c. <u>Typicality</u>. Plaintiffs' claims are typical of the claims of the classes because Plaintiffs were subjected to the same violations of their rights under California law and seeks the same types of damages, restitution, and other relief on the same theories and legal grounds as those of the members of the classes they seek to represent. Plaintiffs are members of the classes they seek to represent.

d. <u>Adequacy of Representation</u>. Plaintiffs are able to fairly and adequately protect the interests of all members of the potential classes because it is in their best interests to prosecute the claims alleged herein to obtain full compensation due to them for all back pay, benefits and other relief afforded under the Labor Code and IWC Wage Orders. Plaintiffs' interests are not in conflict with those of the putative Class Members. Plaintiffs' counsel are competent and experienced in litigating large employment law class actions and other complex litigation matters, including wage and hour cases such as this case.

e. <u>Superiority of Class Action</u>. Class certification is appropriate because a class action is superior to other available means for the fair and efficient adjudication of these claims. Each putative Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices as alleged herein. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

///

# VII.

## PRIVATE ATTORNEYS GENERAL ACT OF 2004 DESIGNATION

42. Causes of action Five through Fifteen are appropriately suited for a Labor Code Private Attorneys General Act of 2004 ("PAGA") representative action because:

    a. This action involves allegations of violations of provisions of the California Labor Code that provide for a civil penalty to be assessed and collected by the LWDA or any departments, divisions, commissions, boards, agencies or employees, or for which a penalty is provided for under the Labor Code § 2699(f);

    b. Plaintiffs are an "aggrieved employees" because they were employed by the alleged violator and had one or more of the alleged violations committed against them;

    c. On July 5, 2011, pursuant to Labor Code § 2698 *et seq.*, Plaintiffs Danette Moore and Latresa Myers served, via certified mail, the Labor & Workforce Development Agency (LWDA) and PetSmart with their claims for wage/hour violations and penalties. On August 10, 2011, the LWDA provided notice to Plaintiffs Moore and Myers of its intent not to investigate the allegations.

    d. On August 30, 2011, pursuant to Labor Code § 2698 *et seq.*, Plaintiffs Alanna Harrison and Alisa Valdez served, via certified mail, the LWDA and PetSmart with their claims for wage/hour violations and penalties. On October 24, 2011, the LWDA provided notice to Plaintiffs Harrison and Valdez of its intent not to investigate the allegations and amended the LWDA claim number assigned to Plaintiffs Moore and Myers to include the claims of Plaintiffs Harrison and Valdez.

    e. Plaintiffs therefore satisfied the procedural notice requirements pursuant to Labor Code § 2699.3 to pursue penalties pursuant to Labor Code §§ 2698 *et seq.* Plaintiffs intend to seek recovery of wages and penalties on behalf of themselves and all other similarly aggrieved employees, pursuant to the California Labor Code and in a representative capacity on behalf of the State of California as a Private Attorney General.

    f. Plaintiffs have filed this action pursuant to Labor Code §§ 2698, 2699(a) and (f), on behalf of themselves and all other current or former similarly aggrieved employees of Defendant to recover penalties. Said penalties include unpaid/underpaid wages which are to be paid to the affected employees pursuant to Labor Code § 558.

## VIII.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**FAILURE TO PROVIDE REASONABLE ACCOMMODATION FOR DISABILITY IN VIOLATION OF THE FEHA CAL GOV'T CODE § 12940(m)**
(Alleged by Plaintiffs Danette Moore, Latresa Myers, and Alisa Valdez Individually Against PetSmart, Inc. and Does 1 through 100, inclusive)

43. Plaintiffs hereby incorporate by reference paragraphs 1 through 42 as though fully set forth herein.

44. California Government Code § 12940(m) makes it an unlawful employment practice for an employer to "fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee."

45. Plaintiffs Moore, Myers, and Valdez suffered from physical disabilities due to back injuries and back pain which limited them in major life activities. Moore, Myers and Valdez informed PetSmart of their physical disabilities and requested to be provided with a stool/seat in the pet grooming salon so that they could sit part of the time while performing some of their job duties. PetSmart refused to provide stools/seats in the grooming salon that would have enabled Moore, Myers and Valdez to continue to perform their job duties.

46. Moore, Myers, and Valdez obtained releases from their doctors informing PetSmart that they could perform their job as pet groomers if they were provided with a seat and allowed to sit part of the time while performing some of their job duties.

47. Defendants have a duty to modify or adjust the work environment, the pet grooming salon, to permit employees to perform the essential functions of their job as pet groomers by permitting the use of seats. Moore, Myers, and Valdez would have been able to perform the essential functions of their job as pet groomers if their work environment would have been modified by permitting the use of seats.

48. As a direct and proximate result of the above violations by Defendants under the FEHA, Plaintiffs have suffered compensatory damages in the form of past and future wage loss and other pecuniary losses. Plaintiffs are entitled to, and seek, compensatory damages, equitable relief, and

attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REASONABLE ACCOMMODATION FOR PREGNANCY IN VIOLATION OF THE FEHA CAL GOV'T CODE § 12945(b)(1)

(Alleged by Plaintiff Alanna Harrison Individually Against PetSmart, Inc. and Does 1 through 100, inclusive)

49. Plaintiffs hereby incorporate by reference paragraphs 1 through 48 as though fully set forth herein.

50. California Government Code § 12945(b)(1) makes it an unlawful employment practice for an employer to "refuse to provide reasonable accommodation for an employee for conditions related to pregnancy, childbirth, or related medical conditions, if she so request, with the advice of her health care provider."

51. In February 2011, Plaintiff Harrison informed PetSmart that she was pregnant and suffering from back pain due to her pregnancy. Harrison was given and completed the ADAA (Americans with Disabilities Amendments Act) disability packet. Harrison obtained a notice from her physician stating that Harrison should be provided with a stool/seat while grooming dogs and restricted to lifting dogs that weigh less than 25 pounds during the duration of her pregnancy.

52. On April 22, 2011, PetSmart informed Harrison that the ADAA documentation Harrison provided did not indicate that her pregnancy *substantially* limits her ability to perform any major life activities as defined under the ADAA, which is required to be qualified under the ADAA. PetSmart informed Harrison that she did not qualify for accommodation under the ADAA.

53. PetSmart failed to inform Harrison that she has a right to request and be provided with reasonable accommodation due to pregnancy under the California Fair Employment and Housing Act, Government Code section § 12945(b)(1).

54. Harrison could have continued to work her regular shift and perform the essential job functions of a dog groomer with reasonable accommodation. Although reasonable accommodation was available because Harrison's work environment could have been modified to enable her to sit periodically and not lift dogs over 25 pounds, PetSmart refused to accommodate Harrison's pregnancy condition by providing a seat for Harrison to use while grooming dogs.

55. As a result of PetSmart's failure to accommodate Harrison's pregnancy accommodation request, Harrison was forced to significantly reduce her hours of work from 32 per week to 20 hours per week during her pregnancy.

56. As a direct and proximate result of PetSmart's willful failure to accommodate, Harrison suffered a substantial loss of wages, lost interest on such monies and expenses and attorneys' fees in seeking to compel PetSmart to fully perform its obligations under state law, all to her respective damages in amounts according to proof at trial an within the jurisdiction of this Court. Harrison is entitled to, and seeks, compensatory damages, equitable relief, and attorneys' fees and costs, pursuant to Government Code section § 12965(b).

## THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN INTERACTIVE PROCESS IN VIOLATION OF THE FEHA CAL GOV'T CODE § 12940(n)
(Alleged by Plaintiffs Danette Moore, Latresa Myers, Alanna Harrison, and Alisa Valdez Individually Against PetSmart, Inc. and Does 1 through 100, inclusive)

57. Plaintiffs hereby incorporate by reference paragraphs 1 through 56 as though fully set forth herein.

58. California Government Code § 12940(n) makes it unlawful "for an employer or other entity covered by this part to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or medical condition.

59. Plaintiffs requested reasonable accommodation for disability and pregnancy by being allowed to use a seat while performing their job duties as pet groomers. Reasonable accommodation was available because for several years up until April 2011, PetSmart allowed pet groomers to use seats in the grooming salon. In approximately April 2011, PetSmart removed the seats from the grooming salons and refused to allow pet groomers to use stools or seats in the grooming salon regardless of disability or pregnancy-related conditions.

60. PetSmart failed to engage in a good faith interactive process to identify a reasonable accommodation because it failed to communicate with Plaintiffs to explore possible accommodation that