1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| DANETTE M. MOORE, LATRESA MYERS, ALANNA HARRISON and ALISA VALDEZ, individually and on behalf of others similarly situated,<br><br>           Plaintiffs,<br><br>  v.<br><br>PETSMART, INC.,<br><br>           Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 5:12-CV-03577-EJD<br><br>**ORDER GRANTING PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS; PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; APPROVAL OF CLASS NOTICE AND PLAN; APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVES; AND SETTING A FINAL APPROVAL HEARING**<br><br>**[Re: Docket Item No. 40]** |

In this putative class action case filed against Defendant PetSmart, Inc. ("Defendant" or "PetSmart"), presently before the Court is Plaintiffs Danette Moore, Latresa Myers, Alanna Harrison, and Alisa Valdez's (collectively "Plaintiffs") Motion for Preliminary Approval of Class and Class Action Settlement. See Docket Item No. 40. The motion is unopposed and will be GRANTED for the reasons set forth below.

**I. BACKGROUND**

Defendant is a national retail company providing pet supplies and services. The named Plaintiffs are former and current employees of Defendant who were and are employed as pet groomers. This case involves Plaintiffs' wage and hour claims on behalf of approximately 16,400

1

current and former employees who are eligible to participate in the settlement and are or were employed by Defendant in California between May 23, 2008 and the present.  Plaintiffs initiated this class action on May 23, 2012 in the Superior Court of California.  See Docket Item No. 1-2. Defendant removed the case to this Court on July 9, 2012.  See Docket Item No. 1.

Plaintiffs bring the present action for: unpaid compensation, failure to reimburse reasonably incurred work-related expenses, meal and rest period violations, failure to properly calculate vacation pay, failure to timely and properly pay wages due upon termination, failure to provide suitable seats, statutory penalties, interest and attorney's fees and costs, and specific enforcement of penalties and restitution of all benefits enjoyed by Defendant for the previous violations. Plaintiffs allege the following causes of action against Defendant: (1) Failure to Provide Reasonable Accommodation Due to Disability (Cal. Gov't Code § 12940); (2) Failure to Provide Reasonable Accommodation Due to Pregnancy (Cal. Gov't Code § 12945); (3) Failure to Engage in Interactive Process (Cal. Gov't Code § 12940(n)); (4) Wrongful Termination in Violation of Public Policy; (5) Failure to Pay Minimum Wages on behalf of the Groomer Class (Lab. Code § 1194 and IWC Wage Order 7-2001 § 4); (6) Failure to Pay Agreed Upon Wages for All Hours Worked on behalf of the Groomer Class (Lab. Code § 223 and IWC Wage Order 7-2001 § 4); (7) Failure to Provide Meal Periods on behalf of the Meal Period Class (Lab. Code §§ 226.7, 512, and IWC Wage Order 7-2001 § 11); (8) Failure to Provide Rest Periods on behalf of the Meal Period Class (Lab. Code §§ 226.7, 512, and IWC Wage Order 7-2001 § 12); (9) Failure to Provide Rest Periods on behalf of the Rest Period Class (Lab. Code §§ 226.7, 512, and IWC Wage Order 7-2001 § 12); (10) Failure to Reimburse Business-Related Expenses and Provide Tools on behalf of the Tool Class (Lab. Code § 2802 and IWC Wage Order 7-2001 § 9(B)); (11) Failure to Pay Wages Due Upon Termination (Lab. Code §§ 201, 202, 203); (12) Failure to Provide Accurate Itemized Wage Statements (Lab. Code § 226); (13) Violation of Business & Professions Code §§ 17200 et seq.; (14) PAGA Claim for Failure to Provide Suitable Seats (Lab. Code §§ 1198, 2698 et seq. and

2

1    IWC Wage order 7-2001 § 14); and (15) PAGA Claim for Civil Penalties (Lab. Code § 2698 <u>et</u>

2    <u>seq.</u>).

3         The parties reached a settlement after mediation with an experienced mediator.  Dkt. No. 40

4    at 6.  On January 31, 2014, Plaintiffs filed the present motion for provisional certification of

5    settlement class, preliminary approval of class action settlement, approval of class notice and

6    notice plan, appointment of class counsel and class representatives, and setting a final approval

7    hearing.  Dkt. No. 40.  Objection was filed by Cassandra Pace.  <u>See</u> Docket Item No. 44.  The

8    hearing was held on March 7, 2014.  <u>See</u> Docket Item No. 58.  The Court ordered the parties to

9    submit supplemental briefings, which were filed on March 28, 2014.  <u>See</u> Docket Item Nos. 66, 68.

10   **II. LEGAL STANDARD**

11        **A. Class Certification**

12        A party seeking class certification must provide facts sufficient to satisfy the requirements

13   of Federal Rule of Civil Procedure 23.  <u>Doninger v. Pac. Nw. Bell, Inc.</u>, 564 F.2d 1304, 1308-09

14   (9th Cir. 1977).  Under Rule 23(a), a class may only be certified if (1) the class is so numerous that

15   joinder of all members is impracticable; (2) there are questions of law or fact common to the class;

16   (3) the claims or defenses of the representative parties are typical of the claims or defenses of the

17   class; and (4) the representative parties will fairly and adequately protect the interests of the class.

18   Fed. R. Civ. P. 23(a).

19        In addition, the party seeking certification must show that the action falls within one of the

20   three subsections of Rule 23(b).  In this case, Plaintiff seeks certification pursuant to 23(b)(3),

21   which permits certification of cases where "the court finds that the questions of law or fact

22   common to class members predominate over any questions affecting only individual members, and

23   that a class action is superior to other available methods for fairly and efficiently adjudicating the

24   controversy."  Fed. R. Civ. P. 23(b)(3).  Plaintiffs bear the burden of demonstrating that they have

25   met the requirements of Rule 23(a) as well as the predominance and superiority requirements of

Case No. 5:12-CV-03577-EJD
ORDER GRANTING PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS;
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; APPROVAL OF CLASS
NOTICE AND PLAN; APPOINTMENT OF CLASS COUNSEL AND CLASS
REPRESENTATIVES; AND SETTING A FINAL APPROVAL HEARING

1  Rule 23(b)(3).  See Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001),

2  amended by 273 F.3d 1266 (9th Cir. 2001).

3      A trial court has broad discretion in making the decision to grant or deny a motion for class

4  certification.  Bateman v. Am. Multi-Cinema, Inc., 623 F.3d 708, 712 (9th Cir. 2010).  A party

5  seeking class certification must affirmatively demonstrate compliance with Rule 23 and prove that

6  the requirements of Rule 23 are met.  Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2550-51

7  (2011). This requires a court to conduct a "rigorous analysis" that frequently "will entail some

8  overlap with the merits of the plaintiff's underlying claim."  Id.

9      **B. Preliminary Approval**

10      Preliminary approval of a class action settlement requires the Court to consider whether

11  "(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the

12  proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of

13  the class objected."  In re Linerboard Antitrust Litig., 296 F. Supp. 2d 568 (E.D. Pa. 2003).

14      A class action may not be settled without court approval.  Fed. R. Civ. P. 23(e).  When the

15  parties reach a settlement agreement prior to class certification, "courts must peruse the proposed

16  compromise to ratify both the propriety of the certification and the fairness of the settlement."

17  Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003).  Settlements reached prior to formal class

18  certification must "withstand an even higher level of scrutiny for evidence of collusion or other

19  conflicts of interest than is ordinarily required under Rule 23(e) before securing the court's

20  approval as fair" as "there is an even greater potential for a breach of fiduciary duty owed the

21  class."  Radcliffe v. Experian Info. Solutions, 715 F.3d 1157, 1168 (9th Cir. 2013).  The court must

22  decide whether the settlement is fundamentally fair, adequate, and reasonable.  Hanlon v. Chrysler

23  Corp., 150 F.3d 1011, 1026 (9th Cir. 1998).

24  **III. DISCUSSION**

25      **A. Class Certification**

26      The proposed settlement class is defined as:

27

28  4

Case No. 5:12-CV-03577-EJD
ORDER GRANTING PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS;
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; APPROVAL OF CLASS
NOTICE AND PLAN; APPOINTMENT OF CLASS COUNSEL AND CLASS
REPRESENTATIVES; AND SETTING A FINAL APPROVAL HEARING

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    All individuals who are or were employed by PetSmart as a Pet Stylist, Groomer, Grooming

2    Trainee, and/or Salon Manager in California at any time during the period from May 23,

3    2008 to the present ("Pet Stylist Settlement Class");

4    All individuals who are or were employed by PetSmart as an hourly paid, non-exempt

5    employee in California at any time during the period May 23, 2008 to the present in a

6    position other than Pet Stylist, Groomer, Grooming Trainee, or Salon Manager ("Non-

7    Exempt Employee Settlement Class").

8    The Settlement Class includes a Settlement Sub-Class defined as follows:

9    All individuals who are members of the Non-Exempt Employee Settlement Class or the Pet

10   Stylist Settlement Class who separated from their employment with PetSmart at any time

11   between May 23, 2009 and the date of preliminary approval of the settlement ("Waiting

12   Time Penalties Settlement Sub-Class").

13   See Settlement Agreement, Docket Item No. 57, Ex. 1 § I ¶¶ 1.12, 1.14, 1.16, 1.21.

14   The proposed class must satisfy the requirements of Federal Rule of Civil Procedure 23(a)

15   and 23(b)(3). Class certification is appropriate here because the requirements are met. The

16   proposed class meets the numerosity requirement, as it is comprised of approximately 16,400

17   current and former California employees. There are questions of law or fact common to class

18   members because all claims for relief arise from Defendant's employment policies, which affected

19   all of the proposed class members similarly. These questions of law or fact predominate over

20   questions affecting only individual members and a class action is superior to other methods of

21   resolving these claims. Plaintiffs' claims are typical of those of the putative class, as they were

22   subjected to the same employment policies and suffered sufficiently similar damages flowing from

23   Defendant's conduct. Further, Plaintiffs and their counsel will fairly and adequately protect the

24   interests of the class. Plaintiffs' interests are representative of and consistent with the interests of

25   the proposed class and their participation in this litigation demonstrates that they have and will

26

27

28

Case No. 5:12-CV-03577-EJD
ORDER GRANTING PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS;
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; APPROVAL OF CLASS
NOTICE AND PLAN; APPOINTMENT OF CLASS COUNSEL AND CLASS
REPRESENTATIVES; AND SETTING A FINAL APPROVAL HEARING

continue to protect the interests of the class.  Additionally, the proposed class counsel has

previously engaged in similar litigation and is experienced in employment class action cases.

### B. Proposed Settlement

Plaintiffs argue that the settlement is fair, reasonable, and adequate in light of the risk and

complexity of further litigation.  In the settlement, Defendant will pay a maximum of

$10,000,000.00 ("Total Settlement Amount"), which includes all payments to the Settlement Class

Members, attorneys' fees and costs, California Labor and Workforce Development Agency

("LWDA"), all payroll tax obligations of Plaintiffs, Settlement Class Members, and Defendant

arising out of the settlement, and the costs of settlement administration.  The Settlement

Administrator will not exceed $105,000 in administering the settlement.  The parties have chosen

Simpluris to administer the settlement.  Penalties in the amount of $50,000 authorized by the

Private Attorneys General Act ("PAGA") will also be deducted, of which 75% ($37,500) will be

paid to the LWDA and 25% ($12,500) will be available for distribution to Settlement Class

Members, and all employer payroll taxes.  Once these deductions are made, the balance of the

Total Settlement Amount ($6,494,000) will be available for distribution to Settlement Class

Members ("Net Distribution Amount").

To the extent that any Settlement Class Member fails to submit a Claims Form and does not

file a request for exclusion, the Individual Settlement Amount attributable to that Settlement Class

Member will be redistributed to Claimants within that Settlement Class Members Settlement Class

in proportion to their Individual Settlement Amounts, up to three times that amount.  Any

remaining money of the $6,494,000 will go to the Legal Aid Society-Employment Law Center, a

cy pres recipient jointly designated by the parties.  The settlement was reached with the assistance

of Jeffrey Ross, an experience mediator.

The Court finds that the settlement appears fair, non-collusive and within the range of

possible final approval.  The settlement was a product of arm's-length negotiation before a

6

Case No. 5:12-CV-03577-EJD
ORDER GRANTING PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS;
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; APPROVAL OF CLASS
NOTICE AND PLAN; APPOINTMENT OF CLASS COUNSEL AND CLASS
REPRESENTATIVES; AND SETTING A FINAL APPROVAL HEARING

mediator, counsel conducted investigation and discovery sufficient to act intelligently in settling

Plaintiffs' claims, and the proponents of the settlement are experienced with this type of litigation.

### 1. Attorney's Fees

Plaintiffs request attorney's fees of $3,333,333 (30% of the Total Settlement Amount).  As

was explained by Plaintiffs' counsel at the hearing, this amount was negotiated separately from the

award to class members.  Parties first negotiated the total amount available for class claims and

only then negotiated an amount of attorney's fees.  The two available pools of money are

completely separate.  See Docket Item No. 66 at 6.

If the Court does not approve the full sum of attorney's fees, the remainder reverts to

Defendant.  However, there is no reversion of the money available to the class, because the sum

negotiated for attorney's fees was never available to the class.  While courts have been skeptical of

reversion clauses, Plaintiffs argue that a reversion provision does not invalidate the settlement

where the fees are separately negotiated, at arm's-length, and the results for the class are

exceptional.  Plaintiffs point out that a number of courts have preliminarily approved settlement

even where a reversion clause exists if the court finds there is no collusion.  A reversion clause is

not dispositive of collusion, although it requires courts to engage in heightened scrutiny to ensure

there has been no collusion.  In re Bluetooth, 654 F.3d 935, 949 (9th Cir. 2011).

In this case, the negotiations were conducted at arm's-length through a neutral mediator,

and the fee discussions were conducted separately after the discussion of the amount Defendant

agreed to pay settlement class.  Dkt. No. 66-1 ¶ 6.  After negotiating the settlement award for class,

the mediator suggested 33.33% attorney's fees and the reversion provision.  Dkt. No. 66-1 ¶ 6.

Plaintiffs argue that the overall result of the settlement supports the attorney's fee request.

Plaintiffs argue that this settlement is exceptional for the class members as compared to similar

settlements reached by PetSmart for similar wage and hour claims.  A similar settlement (Sorenson

v. PetSmart) included a reversionary amount of $1,950,000 for 21,813 class members, 30%

attorney's fees, and an incentive award of $15,000, but only $750,831 was paid out to employees.

7

Case No. 5:12-CV-03577-EJD
ORDER GRANTING PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS;
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; APPROVAL OF CLASS
NOTICE AND PLAN; APPOINTMENT OF CLASS COUNSEL AND CLASS
REPRESENTATIVES; AND SETTING A FINAL APPROVAL HEARING

1    Another settlement (<u>Enabnit v. PetSmart</u>) included the same reversionary sum, with only $337,927

2    paid for 1,790 claims, 29.23% attorney's fees, and a $30,000 incentive award to named Plaintiff.

3    Plaintiffs estimate that this settlement will likely be more than five times as much per class member

4    than the previously mentioned settlements.  The settlement also provides forward-looking relief

5    because, as a result of the settlement, Defendant has revised its compensation policy, now paying

6    employees commission and hourly rate, and providing tools for groomers.

7         Additionally, the theory for unpaid wages for non-productive time and rest breaks used by

8    Plaintiffs was novel and risky.  At the time of mediation, the theory had not yet been tested and had

9    little supporting case law.  The claim is also hard to prove because Defendant does not require

10   groomers to record start and end time of grooming job, making it difficult to estimate the average

11   amount of time spent on non-grooming tasks.  Dkt. No. 66-1 ¶ 8.

12        Plaintiffs submitted a lodestar amount for attorney's fees, which amounts to approximately

13   $1,145,000 for 2,531 hours of work by attorneys and paralegals.  Dkt. No. 66-1 ¶ 14.  Plaintiffs

14   argue that a lodestar multiplier of three is reasonable given the results achieved, risk of litigation,

15   skill required, quality of work, contingent nature of the fee, and is in line with the range

16   customarily approved by California courts in comparable wage and hour class actions.

17        At this stage, the Court grants preliminary approval of the attorney's fees, subject to final

18   approval.  The Court will carefully review all the information concerning the requested attorney's

19   fees before granting final approval.

20             **2. Incentive Award to Named Plaintiffs**

21        The class representatives request a service award totaling $30,000: $5,000 each for the two

22   Plaintiffs who are former employees and $10,000 each for Plaintiffs who were current employees

23   when the suit was filed.  A test applied by courts in this district looks at: (1) the risk to the class

24   representative in commencing the action; (2) the notoriety and personal difficulties encountered by

25   the representative; (3) the amount of time and effort spent by the representative; (4) duration of the

26   litigation; and (5) personal benefit, or lack of, enjoyed by representative as result of litigation.

27

28

Case No. 5:12-CV-03577-EJD
ORDER GRANTING PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS;
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; APPROVAL OF CLASS
NOTICE AND PLAN; APPOINTMENT OF CLASS COUNSEL AND CLASS
REPRESENTATIVES; AND SETTING A FINAL APPROVAL HEARING

**United States District Court**
For the Northern District of California

Plaintiffs argue that class representatives have spent considerable time and effort on this case, actively participating, undertaking risks (pursuing a case against a current employer), and achieving substantial benefit. Representatives have been named in media, which weighs in favor of the incentive awards. Further, the fact that each representative has an individual claim that they have agreed not to settle until after this case is resolved does not create a conflict. Defendant may still defend itself against the Plaintiffs' individual claims and Plaintiffs may ultimately end up with nothing for their individual claims.

The Court preliminarily approves the awards to named Plaintiffs, as they are within the range of reasonable awards.

### 3. Net Distribution Amount

The Net Distribution Amount for the settlement class is $6,494,000. No amount of it will revert to Defendant – any unclaimed funds will be redistributed to participating class members, up to three times their original claim amount, with any remaining funds distributed to the cy pres beneficiary.

Parties argue that they conducted substantial discovery to determine a reasonable and fair allocation of the net distribution amount. Attorneys reviewed about 33,000 pages of employment records and data, interviewed dozens of class members, and took depositions of two of Defendant's representatives. The parties agreed that 10% of Defendant's stores in California would provide a representative sample for purposes of evaluating damages for mediation. Attorneys sampled electronic timekeeping records for 251 stylists and 1,243 non-exempt employees. The Parties agree that the apportionment of the Net Distribution Amount among the different classes with varying claims is fair and reasonable in light of the respective value of the claims, with the estimated damages for the members of the Pet Stylist Class accounting for approximately two-thirds (2/3) of the total damages and the damages for the Non-Exempt Employee Class accounting for the other one-third (1/3).

Case No. 5:12-CV-03577-EJD
ORDER GRANTING PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS;
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; APPROVAL OF CLASS
NOTICE AND PLAN; APPOINTMENT OF CLASS COUNSEL AND CLASS
REPRESENTATIVES; AND SETTING A FINAL APPROVAL HEARING

**United States District Court**
For the Northern District of California

### a. Waiting Time Penalties Settlement Sub-Class

The amount allocated to the Waiting Time Penalties Settlement Sub-Class will be deducted from the Net Distribution Amount prior to the calculation of the Individual Settlement Amounts of Claimants.  Each member of the Waiting Time Sub-Class who was employed by Defendant in California as a Stylist, Groomer, Grooming Trainee or Salon Manager at the time of separation from employment will be entitled to receive $400 as a waiting time penalty in addition to their Individual Settlement Amount.  Each member of the Waiting Time Sub-Class who was employed by Defendant in a position other than Stylist, Groomer, Grooming Trainee or Salon manager at the time of separation from employment will be entitled to receive $200 as a waiting time penalty in addition to their Individual Settlement Amount.

### b. Pet Stylist Class and Non-Exempt Class

After payments are deducted for the Waiting Time Penalties Settlement Sub-Class, two-thirds (2/3) of the remaining Net Distribution Amount will be allocated to payment of the Individual Settlement Amounts of the Pet Stylist Class and one-third (1/3) of the remaining Net Distribution Amount will be allocated to those the Non-Exempt Employee Class.

The Settlement Administrator will divide the two-thirds (2/3) of the remaining Net Distribution Amount by the total gross compensation paid to Pet Stylists for the time period when such Pet Stylists were employed as Pet Stylists, Groomers, Grooming Trainees and/or Salon Mangers during the Covered Timeframe to determine a multiplier ("Pet Stylist Multiplier").  The Individual Settlement Amount payable to each Pet Stylist will equal that Claimant's gross compensation earing during the Covered Timeframe multiplied by the Pet Stylist Multiplier.

The Settlement Administrator will divide the one-third (1/3) of the remaining Net Distribution Amount by the total gross compensation paid to Non-Exempt Employees for the time period when such Non-Exempt Employees were employed in positions other than Pet Stylists, Groomers, Grooming Trainees and/or Salon Mangers during the Covered Timeframe to determine a multiplier ("Non-Exempt Employee Multiplier").  The Individual Settlement Amount payable to

10

each Non-Exempt Employee will equal that Claimant's gross compensation earned during the Covered Timeframe multiplied by the Non-Exempt Employee Multiplier.

The Individual Settlement Amounts will be allocated among wages, interest, and civil penalties.  Fifty percent (50%) of each Claimant's Individual Settlement Amount will represent wages and the other fifty percent (50%) shall represent interest and penalties.  The portion of each Claimant's Individual Settlement Amount representing wages will be subject to standard employment tax withholdings with the Settlement Administrator remitting all such tax withholdings directly to the state and federal taxing authorities.  The portion of each Claimant's Individual Settlement Amount representing interest or penalties will be reported on a Form 1099 provided to each Claimant, with the required copies provided to the pertinent taxing authorities.  Employer tax obligations on any amounts paid to Plaintiffs and Claimants will be paid from the Total Settlement Amount.

### 4. Release of Claims

Settlement Class Members who submit a Claim Form and do not opt out will release wage and hour claims against Defendant.  Members who opt out will not be bound by the release of the PAGA claims or remedies pursuant to a final judgment, as was erroneously originally indicated in the Settlement submitted to the Court.  Dkt. No. 46 at 2; Dkt. No. 46, Ex. 1 § VI ¶ 6.8.

### C. Class Counsel

Proposed class counsel has conducted research, investigation, and analysis of the litigation and, as discussed above, are experienced and knowledgeable.  As such, Graham S.P. Hollis and Marta Manus are preliminary appointed as Class Counsel.

### D. Notice of Class Certification and Settlement Administration

Rule 23 (c)(2)(B) requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Rule 23(e)(1) requires reasonable notice to all class members who would be bound by the proposed settlement.  The notice must explain in easily understood language the nature of the action,

11

Case No. 5:12-CV-03577-EJD
ORDER GRANTING PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS; PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; APPROVAL OF CLASS NOTICE AND PLAN; APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVES; AND SETTING A FINAL APPROVAL HEARING

**United States District Court**
For the Northern District of California

1   definition of the class, class claims, issues and defenses, ability to appear through individual

2   counsel, procedure to request exclusion, and the binding nature of a class judgment.  Fed. R. Civ.

3   P. 23(c)(2)(B).  Here, the parties in this case have created and agreed to perform the following

4   Notice Plan:

5           Defendant will provide contact information for each Settlement Class Member to Simpluris

6   within 15 days of this order.  For Class Members who are former employees, Simpluris will

7   undertake reasonable address verification to ascertain the accuracy of the last known address.  A

8   Notice of Class Action Settlement and Final Approval Hearing ("Class Notice") will be mailed no

9   later than 25 days from the date of this order in a form substantially similar to that attached as

10  Exhibit 2 to the Declaration of Graham Hollis and will include a Claim Form/FLSA Consent Form

11  ("Claim Form") in a form substantially similar to that attached as Exhibit 3 to the Hollis

12  Declaration.  See Hollis Dec'l, Docket Item No. 40-2, Ex. 2-3.  In the event that a Class Notice is

13  returned as undeliverable, Simpluris will obtain a current address and re-mail the Notice within

14  three business days.  Class Members will have 60 calendar days from the date the Claim Forms are

15  mailed to submit the completed Claim Form or request exclusion.  Thirty days after the initial

16  mailing of the Notice, each class member who has not responded will receive a postcard reminder

17  to submit a Claim Form before the deadline.  Dkt. No. 57, Ex. 1 § VI ¶¶ 6.1-6.9.

18          Simpluris will maintain a toll-free telephone line and a Settlement Website.  The website

19  can be used to file a Claim Form, track the processing of a Claim Form, and contact the Settlement

20  Administrator.

21          The Court finds that the above-described procedures meet the standards of Rule 23.  The

22  forms of notice attached as Exhibits 2 and 3 to the Hollis Declaration are hereby approved.

23  **IV. CONCLUSION**

24          For the reasons stated herein, the motion for preliminary approval is GRANTED as follows:

25          1. This action is certified as a class action only for settlement purposes pursuant to

26  subsections (a) and (b)(3) of Federal Rule of Civil Procedure 23.

27                                              12

28  Case No. 5:12-CV-03577-EJD
    ORDER GRANTING PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS;
    PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; APPROVAL OF CLASS
    NOTICE AND PLAN; APPOINTMENT OF CLASS COUNSEL AND CLASS
    REPRESENTATIVES; AND SETTING A FINAL APPROVAL HEARING

2. The Settlement Agreement is preliminarily approved as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e).

3. Plaintiffs Danette Moore, Latresa Myers, Alisa Valdez, and Alanna Harrison are approved to act as Class Representatives for settlement purposes only.

4. GrahamHollis, APC is appointed as Class Counsel.

5. The Notice Plan and the content of the forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits 2 and 3 to the Hollis Declaration are approved.

6. A hearing on the final approval of class action settlement shall be held before this court on October 3, 2014 at 9:00 a.m.  Class Counsel shall file brief(s) requesting final approval of the Settlement Agreement, Fee Award, and Incentive Award, no later than 30 calendar days before the final approval hearing.  Any objections to the Settlement by Settlement Class Members must be filed at least 30 days before the final approval hearing.

**IT IS SO ORDERED**

Dated: May 14, 2014

EDWARD J. DAVILA
United States District Judge

Case No. 5:12-CV-03577-EJD
ORDER GRANTING PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS;
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; APPROVAL OF CLASS
NOTICE AND PLAN; APPOINTMENT OF CLASS COUNSEL AND CLASS
REPRESENTATIVES; AND SETTING A FINAL APPROVAL HEARING

United States District Court
For the Northern District of California