UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANETTE M MOORE, et al., individually and on behalf of others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>PETSMART, INC.,<br><br>Defendant. | Case No.  5:12-cv-03577-EJD<br><br>**ORDER DENYING MOTION TO CERTIFY THE AMENDED JUDGMENT**<br><br>Re: Dkt. No. 151 |

When class claims settle before individual ones, should the district court certify a judgment under Federal Rule of Civil Procedure 54(b) to permit one objecting class member to prosecute an appeal from the settlement?  The sole objector in this case, Lindsey Loomis ("Loomis"), thinks so.

This is not, however, the sort of "unusual" case that justifies a multiplication of appellate proceedings.  On that basis, the court will deny relief to Loomis under Rule 54(b).

I. **BACKGROUND**

Plaintiffs Danette M. Moore, Latresa Myers, Alanna Harrison, and Alisa Valdez (collectively, "Plaintiffs") filed a Complaint on May 23, 2012, containing 15 separate claims against Defendant Petsmart, Inc. ("Petsmart") for various violations related to their employment with the company.  Most of the claims were brought on behalf of a class of other current or former Petsmart employees or brought as a collective action under the Private Attorneys General Act of 2004, ("PAGA), California Labor Code § 2698 et. seq.  The others were individual claims for violations of California's Fair Employment and Housing Act ("FEHA"); to that end, Moore, Myers and Valdez asserted claims for failure to accommodate a disability, Harrison asserted a claim for failure to accommodate pregnancy, Moore asserted a claim for wrongful discharge in

1

violation of public policy, and all four plaintiffs asserted a claim for failure to engage in the interactive process.

Plaintiffs and Petsmart settled the class claims along with the PAGA claim in January, 2014. After the court preliminary approved the settlement on May 14, 2014, Loomis purportedly filed an objection without counsel on February 11, 2015.

At the final approval hearing on March 12, 2015, the court took up the matter of Loomis' objection. Loomis had apparently retained counsel by that point, who appeared at the hearing on her behalf. The court ultimately struck the objection as untimely because, without sufficient proof that Loomis signed the document filed on the date objections were due, the court was unconvinced she had authorized the objection. The court also noted that, even if considered on its merits, Loomis' objection would have been rejected as a reason to refuse final approval of the settlement.

On August 4, 2015, the court filed a written order finally approving the settlement and directing Plaintiffs to file a proposed judgment. Plaintiffs did so, and the court entered a partial judgment on August 12, 2015. An amended partial judgment was later filed on August 17, 2015, specifying that "Judgment is entered only as to Plaintiffs' class action and representative action claims" and that "[t]he clerk shall keep the case open pending resolution of Plaintiff's individual claims" against Petsmart.

Loomis appealed from both the final approval order and the amended judgment on September 1, 2015. This motion followed.

## II. LEGAL STANDARD

Generally, the appellate courts only have jurisdiction to hear appeals from final orders. 28 U.S.C. § 1291. Rule 54(b) allows for an exception to this final judgment rule. It provides:

> When an action presents more than one claim for relief - whether as a claim, counterclaim, crossclaim, or third-party claim - or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of

2
Case No.: 5:12-cv-03577-EJD
ORDER DENYING MOTION TO CERTIFY THE AMENDED JUDGMENT

a judgment adjudicating all the claims and all the parties' rights and liabilities.

"Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981). Essentially, the party moving for certification must effectively overcome "'the historic federal policy against piecemeal appeals.'" Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956)). For that reason, "[t]he court making a Rule 54(b) determination 'should not direct entry of judgment under Rule 54(b) unless it has made specific findings setting forth the reasons for its order.'" In re Lindsay, 59 F.3d 942, 951 (9th Cir. 1995) (quoting Morrison-Knudsen, 655 F.2d at 965).

When confronting a certification request, the court should ask whether the order "is sufficiently divisible from the other claims" so as to avoid several appeals on the same set of facts. Jewel v. Nat'l Sec. Agency, 810 F.3d 622, 628 (9th Cir. 2016). Accordingly, an explanation of findings "should include a determination whether, upon any review of the judgment entered under the rule, the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court." Morrison-Knudsen, 655 F.2d at 965. "The greater the overlap the greater the chance that [the Court of Appeals] will have to revisit the same facts - spun only slightly differently - in a successive appeal." Wood v. GCC Bend, LLC, 422 F.3d 873, 882 (9th Cir. 2005).

**III.    DISCUSSION**

Loomis believes the August 17th judgment has all of the attributes necessary for Rule 54(b) certification. She argues it is sufficiently final, that it disposed of distinct claims, and that delaying its resolution would result in injustice, substantial hardship and unfairness to class members. While Loomis is partially correct, her arguments nonetheless fail to justify some substantial need to proceed with an early appeal.

On the threshold issue of finality, the court agrees with Loomis' description of the August

3

1    17th judgment.  See Curtiss-Wright, 446 U.S. at 7 ("A district court must first determine that it is
2    dealing with a 'final judgment.'").  That document constitutes "a decision upon a cognizable claim
3    for relief," since it encompasses all of Plaintiffs' class claims as well as the representative PAGA
4    claim.

5          The court also concurs that the settled class claims are, for the most part, factually and
6    legally distinct from Plaintiffs' individual claims.  The settlement agreement specifies that
7    participating class members released any claims arising under the California Labor Code,
8    Industrial Welfare Commission Wage Orders, the California Business and Professions Code, and
9    PAGA - essentially the fourth through fifteenth claims in the Complaint.  Plaintiffs' individual
10   FEHA claims, on the other hand, raise issues relating to alleged failures by Petsmart to
11   accommodate disabilities and medical conditions, to engage in the interactive process, and for
12   wrongful discharge in violation of public policy.

13         But aside from those two points, the remainder of Loomis' argument is unpersuasive.
14   Turning back divisibility of claims, Petsmart points out that the settled PAGA claim presents one
15   issue that overlaps the individual claims for failure to accommodate.  For both types of claims,
16   Plaintiffs allege that Petsmart failed to provide them with suitable seating.  This commonality
17   raises some possibility for the Court of Appeals to address Plaintiffs' seating allegations and the
18   law that applies to them twice rather than once.  It is well established that one of the factors the
19   court must consider in assessing the fairness of a class action settlement is the strength of the
20   plaintiff's case, and, under this Complaint, the strength of the seating allegation correlates with the
21   strength of PAGA claim.  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998).  Loomis
22   does not directly address this issue in her motion, and did not respond to Petsmart's argument in a
23   reply to the opposition.

24         Furthermore, neither the reality of class action litigation nor the equities are favorable to
25   Loomis' position.  See Curtiss-Wright, 446 U.S. at 8 ("[I]n deciding whether there are no just
26   reasons to delay the appeal of individual final judgments in a setting such as this, a district court
27   must take into account judicial administrative interests as well as the equities involved.").  As to

the former issue, Loomis was the sole objector to a class action settlement for which over 19,000 class members were noticed, and commenced an appeal after her unverified objection was stricken as untimely.  Good or bad, this general scenario is now commonplace in class actions.  In the undersigned's experience, nearly every publicized class action settlement moves through the mandated two-step approval process during which the terms of the settlement are carefully vetted by the district court, only to end up before the Court of Appeals at the behest of one or a handful of class members who choose to object rather than opt-out.  That is certainly a class member's prerogative, and the court has no quarrel with that process.  Indeed, the majority of settlement agreements, including the one involved in this case, account for that choice by including a provision that operates to withhold class benefits until appeals are resolved.  But as a consequence, class members must routinely tolerate the delay inherent to the appellate process before realizing any benefit.  This case is not unique in that regard.

Moreover, on the subject of equity, it is worth noting a significant weakness in Loomis' suggestion that she seeks to benefit her fellow class members with Rule 54(b) relief.  She complains that if not permitted to prosecute her appeal now, ongoing litigation related to Plaintiffs' individual claims will unfairly prejudice the class by delaying payments mandated by the settlement agreement.  This argument disregards the circumstances that preceded this motion, however.  To be sure, the genesis of the delay referred to by Loomis is not the litigation of Plaintiffs' individual claims, but is instead her appeal from a settlement of the class claims.  This detail establishes that Loomis was indifferent to any postponement of benefits ensuing from her notices of appeal.  She only became so concerned after being notified that the rule against seriatim appeals in one proceeding may slow the advancement of her own claim.  Thus, even if she does not explicitly recognize it, it is inescapable that certification of the August 17th judgment would primarily benefit Loomis; the class must await final resolution of Loomis' objection either way.

In the end, the fact that this case involves a mix of class and individual claims makes no difference when it comes to the analysis under Rule 54(b).  Because Loomis has not convincingly described some pressing need to have her objection processed before entry of a comprehensive

5
Case No.: 5:12-cv-03577-EJD
ORDER DENYING MOTION TO CERTIFY THE AMENDED JUDGMENT

final judgment, "this is the usual case where some issues are adjudicated earlier than others." Baker v. Ark. Blue Cross & Blue Shield, No. CV 08-3974 SBA, 2010 U.S. Dist. LEXIS 61700, at *10, 2010 WL 2228522 (N.D. Cal. June 1, 2010). That is nothing extraordinary. On that basis and in light of the discussion above, the court declines to certify the August 17th judgment.

## IV.     ORDER

Loomis' motion to certify the amended judgment is DENIED. The hearing scheduled for March 3, 2016, is VACATED.

**IT IS SO ORDERED.**

Dated: February 29, 2016



EDWARD J. DAVILA
United States District Judge